UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

---

| | |
|---|---|
| IN RE: Stephanie Denise Watson<br>Debtor | Case No.: 15-11477<br>Chapter 13 |

---

## AFFIDAVIT OF STEPHANIE WATSON

I, the undersigned Stephanie Watson, swear that I have personal knowledge of the matters set forth in this affidavit and that the statements below are accurate and true to the best of my knowledge and belief.

1. I am over the age of 18 and am competent to make this affidavit.

2. I am the Debtor in this matter, bankruptcy case 15-11477, which is my second bankruptcy action. My first bankruptcy action was case 13-12381, also in this Court.

3. This affidavit is being submitted to give notice to this Court of the circumstances as to why my discrimination charge against Home Depot U.S.A., Inc. and Lisa Adams ("Defendants"), currently pending before the U.S. District Court, Middle District of Tennessee, Case No. 1:1-cv-00013, was not previously disclosed in the bankruptcy action in this matter and in my prior bankruptcy action (Case 13-12381) and to confirm that those prior omissions of disclosure of the charge of discrimination I filed with the EEOC and the complaint I filed against Defendants was _not_ due to any intent to deceive, intent to conceal, or bad faith on my part. I never knowingly made any representation under oath that I did not have any claims of discrimination against Home Depot U.S.A., Inc. and/or Lisa Adams.

4. In September of 2013, by and through my bankruptcy attorney Ken Walker, 107 South Shannon St., Jackson, TN 38301, I filed for bankruptcy with this Court under

1

Chapter 13, Case: 13-12381. At the time I did so, I had not yet been employed at Home Depot. Prior to filing for bankruptcy in September of 2013, I had never filed for bankruptcy. I am not attorney and have never worked in a law office.

5. I was reluctant to file for bankruptcy but I felt that I did not have a choice. My financial situation was difficult in that my husband Brian had previously been laid off from his job and was unemployed, I had been financially helping my brother (who has renal failure, is on the list for a kidney transplant, and was unable to work), and the interest on our mounting family bills was high and I was unable to pay them. We also had two sons to support. Mr. Walker was recommended to me as someone who specializes in bankruptcy law, has several years of experience as a bankruptcy attorney, and who has handled numerous bankruptcy actions on behalf of individuals. I found Mr. Walker to be very pleasant and he impressed me as being very knowledgeable in bankruptcy law and I completely trusted his advice and recommendations.

6. I met with Mr. Walker briefly before he filed my first bankruptcy action (Case 13-12381). During that meeting, Mr. Walker asked me about the debts I owed, the property I owned, my cash, and sources of income. He gave me a list of things that were needed for him to file the bankruptcy action on my behalf: my social security card, proof of income, and last three years of tax returns. I had to pay a fee for his office to run a credit report and signed a form allowing them to do so.

7. After the credit report was done, I returned to Mr. Walker's office and met with his assistant who went over my credit report with me and discussed the requirement for me to attend credit counseling classes. I was also told that they would be filing everything from their office and that all I had to do was to show up at court. I went to court on the date

as directed. I recall stating my name for the record, confirming the debts that I owed and that I was filing for bankruptcy. During this process I was never informed or made aware of any requirement to report any potential legal claims that I may have, or complaints that may later be filed on my behalf for such matters.

8. I began working at Home Depot in April of 2014. Before I started working at Home Depot, I voluntarily disclosed to John Jimmerson, a representative and recruiter for Home Depot, that I had filed for bankruptcy. Mr. Jimmerson thanked me for telling him this and told me that he had also previously filed for bankruptcy.

9. After I started working for Home Depot, I voluntarily contacted Home Depot's Human Resources and told them that I had filed for bankruptcy and asked them to assist in resuming payments from my pay for my bankruptcy repayment plan. I also timely reported my employment to Mr. Walker, my bankruptcy attorney. I voluntarily made these reports to both Home Depot and my attorney with the understanding and desire that my income would be reported in my bankruptcy action. I also reported this information knowing that it would result in payments being withheld from my pay to pay off my creditors, which was also my desire so that my bankruptcy action would be paid off.

10. If I had not been wrongfully terminated by Home Depot, my creditors would have been paid off by now. Prior to my wrongful termination by Home Depot in January of 2015, Home Depot was withholding bankruptcy payments from my pay. Exhibit A is a copy of my last pay statement from Home Depot, dated January 29, 2015, which shows $305 being deducted from that statement and a total of $915 as having been deducted through 2015 as of that date.

11. After my wrongful termination from Home Depot, I was unable to continue

3

making payments under the bankruptcy plan and was having financial difficulty supporting my family. In June of 2015, the Court dismissed my first bankruptcy action because I had not been making my scheduled bankruptcy payments. The dismissal was not due to my filing of a charge of discrimination against Defendants.

12. After my first bankruptcy action was dismissed, I returned to Mr. Walker's office and he advised me to initiate a second bankruptcy action (this matter, Case 15-11477). When I went to his office, I was asked about any changes that had occurred in my employment. I told Mr. Walker that I got a new job with Burlington Coat Factory as an assistant store manager for operations, that I had been wrongfully terminated by Home Depot and that I had filed a discrimination charge with the EEOC. Mr. Walker told me that my EEOC charge alleging claims of discrimination against Home Depot did not state a reportable claim and that it was not required to be reported in bankruptcy actions. Based upon this, it was and has remained my understanding that I was not required to report in the bankruptcy action my discrimination charge or my claims against Defendants. Throughout my prior bankruptcy action through to my current action, the issue of discrimination claims or legal complaints was never addressed with me by Mr. Walker or his office staff.

13. Mr. Walker never informed me that I would be required to report or disclose my claims against Defendants, my charge filed with the EEOC, my receipt of the notice of right to sue letter from the EEOC, or the filing of a complaint on my discrimination claims. No one from his office, the Trustee, or this Court told me that I had to do so. Also, Mr. Walker never told me that if any of these things occurred that I should call his office. As I noted above, Mr. Walker told me that my charge of discrimination did not state a claim and

4

was not reportable in my bankruptcy action. I understood that if I was reinstated or obtained a monetary settlement or amount from those claims that I would be required to promptly disclose it to the Court. However, neither of these things has occurred.

14. With the exception of Schedules E and F listing debts that I owed, I was never provided with copies of the petitions (schedules or statements in the petitions) filed on my behalf in either bankruptcy action. Nor was I provided with the opportunity to read them until this past week. Mr. Walker's office provided me with Schedules E and F for my first bankruptcy action and went over them with me before the action was filed. However, I was not provided with copies of any other documents in the petitions, the schedules or statements before the actions were filed and Mr. Walker's office did not go over those documents with me before or after they were filed, or provide me with copies of them.

15. The bankruptcy process went so quickly that I do not recall signing any of the petitions. On June 2, 2016, I called Mr. Walker's office, spoke with his assistant Tammie and asked her for signed copies of the petitions filed on my behalf. I also told her that I never received copies of any petitions filed by their office in either of my bankruptcy actions, Tammie responded that they do not provide copies of petitions to clients.

16. I never intentionally mislead or concealed my discrimination claims against Defendants from the bankruptcy court, Trustee, or creditors. Following my termination from Home Depot, I timely reported all of my subsequent employment to the bankruptcy court. I did so voluntarily with the knowledge and expectation that such action would result in me making payments as part my bankruptcy action and repayment plan.

17. Prior to May 26, 2016, I did not know that my discrimination claims against Defendants were an asset of the bankruptcy estate. I understand now that they are and that I

5

have a duty to proceed on those claims on behalf of the creditors. I believe that I also have the right to proceed to obtain relief for my wrongful termination, as well as on behalf of my creditors.

18.  On May 26, 2016, Mr. Walker was provided a copy of the complaint I filed against Defendants and I understand that he has reported my discrimination claims against Defendants (currently approximately $450,000 in value, excluding legal costs) in my second bankruptcy action. I understand that any settlement or payments received from my complaint of discrimination must be disclosed to this Court, which I always intended to do, which I will do, and which I fully desire be done.

STATE OF TENNESSEE  TN  )
                                              )
COUNTY OF Madison        )

_____
**STEPHANIE WATSON**

The foregoing affidavit was acknowledged before me this 3 day of June, 2016, by Stephanie Watson, who is personally known to me, or who produced a government photo ID as identification and proof thereof.

_____
NOTARY PUBLIC SIGNATURE

Print Name: Brandy Stewart

My Commission Expires: 3/31/2020

6

| ASSOCIATE NAME: STEPHANIE D WATSON | | | | ASSOCIATE ID: 118513951 | | | PIN NO: 2889 | | |
|---|---|---|---|---|---|---|---|---|---|
| | TAX STATUS | NUMBER EXEMPT | | PAY PERIOD BEGIN: 01/12/2015 | | | CHECK DATE: 01/29/2015 | | |
| FICA-MED | | 0 | | PAY PERIOD END: 01/25/2015 | | | CHECK NUMBER: 013191342 | | |
| FICA-OASDI | | 0 | | | | | | | |
| FED INC TX | S | 3 | | | | | | | |
| TN STATE | S | 0 | | | | | | | |

| EARNINGS | | | | | DEDUCTIONS | | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | RATE | HOURS | CURRENT | YEAR-TO-DATE | DESCRIPTION | CURRENT | YEAR-TO-DATE | DESCRIPTION | CURRENT | YEAR-TO-DATE |
| REGULAR | .00 | 64.00 | 2,553.84 | 7,661.52 | BNKRUPTCY | 305.00 | 915.00 | FICA-MED | 57.79 | 145.26 |
| VACATION | .00 | 41.33 | 1,649.22 | 2,926.14 | BASIC LIFE | 2.35 | 7.05 | FICA-OASDI | 247.12 | 621.11 |
| MEDICAL FT | .00 | .00 | 166.55- | 436.60- | BS DP LIFE | .05 | .31 | FED INC TX | 693.32 | 1,602.81 |
| VISION FT | .00 | .00 | 20.99- | 56.48- | BASIC AD&D | .14 | .93 | | | |
| DENTAL FT | .00 | .00 | 45.13- | 122.66- | | | | | | |
| GROSS PAY: | | | 3,970.39 | 10,002.56 | | | | NET PAY: | 2,664.62 | 2,664.62 |

HOME DEPOT U.S.A. INC.



—— TO REMOVE CHECK—FOLD, CREASE AND TEAR ALONG PERFORATION ——

myTHDHR
HR Services

PHONE CONNECTION 1-866-myTHDHR (1-866-698-4347)
HR Services Representatives are available to provide personal assistance with HR and pay related questions and services.
Monday - Friday 8 am to 8 pm (ET)
Saturday 8 am to 5pm (ET)
Sunday Closed

E-MAIL CONNECTION myTHDHR@homedepot.com
HR and pay related questions and changes may be emailed to HR Services. Resolution and/or confirmation of changes will be returned to the sender's email address. Please include Associate Name and Associate ID on all requests.

WEB CONNECTION www.myTHDHR.com
Information about your Benefits, your Pay and your Life Events is available 24 hours a day, seven days a week. Access Benefit and Financial websites (Health, 401k, ESPP, Tuition Reimbursement, Associate Discounts, etc.)

For U.S. Checks Only:
You need to know your personal checking account ABA and Account number to Enroll in direct deposit. Refer to this example to identify the location of these numbers on your personal check.

EXHIBIT "A"

7